**<u>ALL PARTIES RECEIVING THIS NOTICE SHOULD REVIEW EXHIBITS A, Y-1, and Z-1 CAREFULLY FOR THEIR NAME AND ANY CONTRACTS OR LEASES WITH THE DEBTORS.</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| The Merit Group, Inc., *et al.*, | ) | Case No. 11-03216-hb |
| | ) | |
| Debtors.[1] | ) | (Joint Administration) |
| | ) | |

**AMENDED NOTICE OF (A) THE PROPOSED SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTORS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; (B) BIDDING PROCEDURES, AUCTION, AND HEARING ON THE SALE; (C) DEADLINE TO OBJECT TO SALE; (D) DEADLINE TO OBJECT TO ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND ESTABLISHMENT OF CURE AMOUNTS AND EXTENSION OF TIME TO ASSUME OR REJECT CERTAIN UNEXPIRED LEASES; AND (E) HEARING ON ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND CURE AMOUNTS AND EXTENSION OF TIME TO ASSUME OR REJECT CERTAIN UNEXPIRED LEASES**

**TO: AFFECTED CREDITORS AND PARTIES IN INTEREST**

**YOU ARE HEREBY NOTIFIED** that consistent with the terms of the Stalking Horse Agreement (as defined herein), the Debtors are filing this amended notice to, among other things, (1) identify the Contracts and Leases to be assumed by the Buyer (as defined herein), (2) identify four (4) previously omitted Contracts and Leases to be assumed and assigned and to establish the proper cure amounts for each, and (3) to identify two additional Contracts which the Debtors seek additional time to determine whether to assume and assign (or reject).

**TAKE FURTHER NOTICE** that, as set forth in the Debtors' original notice filed on June 29, 2011 (the "Original Notice"), the Debtors are applying for approval to sell substantially all of the property of the Debtors' estates free and clear of all liens and encumbrances according to the terms and conditions stated in the Motion for an Order

---

[1] The Debtors and the last four digits of their respective tax identification numbers are: The Merit Group, Inc., f/k/a Lancaster Distributing Company, f/k/a Lancaster Paint Sundries, Inc. (4224); Merit Transportation, Inc. (9048); Merit Paint Sundries, LLC d/b/a Lancaster (8882); Merit Supply Company, LLC d/b/a Merit Supply (5878); Merit Pro Finishing Tools, LLC d/b/a Merit Trade Source (8544); Five Star Products, Inc. (9186); and Five Star Group, Inc., d/b/a Lancaster/Five Star, d/b/a Rightway (3506).

Approving the Proposed Sale of Substantially All the Debtors' Assets Free and Clear of all Liens and Assumption, Assignment and Sale of Certain Executory Contracts and Leases filed with the Court on June 10, 2011, as amended by the Amended Motion for an Order Approving the Proposed Sale of Substantially All the Debtors' Assets Free and Clear of all Liens and Assumption, Assignment and Sale of Certain Executory Contracts and Leases filed June 29, 2011 (the "Sale Motion").

**TAKE FURTHER NOTICE** that, consistent with the terms of the Original Notice, any response, return, and/or objection to the Sale Motion should be filed with the Clerk of the Bankruptcy Court no later than **July 14, 2011** and a copy simultaneously served on all parties in interest. Any party in interest may file and serve an objection to the Sale Motion or supplement a previously filed objection to the extent that such objection or supplement is based solely on events that occur after **July 14, 2011**. Such objections, or other objections to the manner in which the Debtors conducted the Auction and the Debtors' selection of the Successful Bidder and the Back-up Bidder shall be filed no later than fifteen minutes before the scheduled commencement of the Sale Hearing and a copy delivered to counsel for the Debtors, Lender, the Creditors' Committee, and other parties participating at the Sale Hearing.

**TAKE FURTHER NOTICE** that, consistent with the terms of the Original Notice, if two or more Qualified Bids are received, an Auction will be held for the sale of substantially all the Assets of the Debtors as set forth in the Bidding Procedures attached to the Original Notice. Such Auction is scheduled to be held on **July 20, 2011 at 10:00 am** at McNair Law Firm P.A., 1221 Main Street, Suite 1800, Columbia, South Carolina, 29201 (the "Auction"). No further notice of the Auction will be given and the Auction may be adjourned at any time and from time to time without further notice.

**TAKE FURTHER NOTICE** that, consistent with the terms of the Original Notice, a hearing will be held on the Sale Motion on **July 21, 2011** at 10:00 a.m. at the United States Bankruptcy Court, J. Bratton Davis United States Bankruptcy Courthouse, 1100 Laurel Street, Columbia, SC 29201 (the "Sale Hearing"). No further notice of the Sale Hearing will be given and the Sale Hearing may be continued or adjourned at any time and from time to time without further notice.

**TAKE FURTHER NOTICE** that, pursuant to that certain Asset Purchase Agreement dated as of June 29, 2011 by and among MG Distribution, LLC (as proposed buyer, or the "Buyer")) and the Debtors (or proposed sellers) (the "Stalking Horse Agreement"), the Buyer has the right to add or remove contracts to or from Schedule 1.1(a) of the Stalking Horse Agreement, until the date which is 10 days before the sale hearing (currently scheduled to be held on July 21, 2011).

**TAKE FURTHER NOTICE** that, attached as **Exhibit A** hereto, is an updated Schedule 1.1(a) listing the Assumed Agreements. Schedule 1.1(a) represents the Contracts and Leases designated by the Buyer and agreed to by the Debtors to be assumed and assigned at closing under the Stalking Horse Agreement. Other than the four (4) additional parties identified on **Exhibit Y-1**, parties listed on Schedule 1.1(a) were previously notified of the proposed cure amounts pursuant to the Debtors' Original Notice.

      **TAKE FURTHER NOTICE** that the Debtors are seeking to establish cure amounts for four (4) additional contracts omitted from the Original Notice which are now included in a revised Schedule 5.15 (the "Cure Costs") to the Stalking Horse Agreement. The four (4) additional contracts omitted from the Original Notice and the proposed cure amounts for each are attached hereto as **Exhibit Y-1** and incorporated herein (the "Additional Contract Assumptions and Cure Amounts").

      **TAKE FURTHER NOTICE** that the Debtors are seeking to extend the deadline to assume or reject two (2) additional executory contracts or leases omitted from the Original Notice and based on an amendment to Schedule 2.7 ("Post-Closing Agreements") of the Stalking Horse Agreement. The two (2) additional executory contracts or leases omitted from the Original Notice which the Debtors seek to have additional time, post-closing, to determine whether to assume and assign or reject consistent with the terms of the Bankruptcy Code are set forth in **Exhibit Z-1** attached hereto and incorporated herein (the "Additional Post-Closing Assigned Agreements").

      **TAKE FURTHER NOTICE** that any response, return, and/or objection to the Additional Contract Assumptions and Cure Amounts or the Additional Post-Closing Assigned Agreements should be filed with the Clerk of the Bankruptcy Court **no later than fourteen (14) days from service of this Notice** and a copy simultaneously served on all parties in interest.

**OBJECTIONS TO ADDITIONAL CONTRACT ASSUMPTIONS AND CURE AMOUNTS AND ADDITIONAL POST-CLOSING ASSIGNED AGREEMENTS AND HEARING**: In compliance with the terms of the Stalking Horse Agreement, attached hereto as Exhibit A is each executory contract or lease that the Debtors will assume and assign to the Buyer and contains (i) the title or other identifying description of the Contract or Lease to be assumed, (ii) the name of the counterparty to such Contract or Lease, (iii) the amount, if any, determined by the Debtors to be necessary to be paid to cure any existing default under such Contract or Lease in accordance with sections 365(b) and (f)(2) of the Bankruptcy Code (the "Cure Amount"), and (iv) if determined, the proposed effective date of the assumption and assignment. Attached hereto as Exhibit Z-1 are those additional Contracts that may be assumed and assigned post-closing. The performance of the Successful Bidder under the Bidding Procedures, including the delivery of the Good Faith Deposit, and its ability to close on the sale of the Assets provides adequate demonstration of the Successful Bidder's adequate assurance of future performance under the Assigned Agreements.

Any objection to the assumption and assignment of any Contract or Lease identified on Exhibit Y-1, including, without limitation, any objection to the Cure Amount or to the ability of a Successful Bidder to provide adequate assurance of future performance under such Contract or Lease, and any objections to the deadline to assume or reject the additional Contracts after closing set forth in Exhibit Z-1 must (i) be in writing, (ii) set forth the basis for the objection as well as any cure amount that the objector asserts to be due (in all cases with appropriate documentation in support thereof), and (iii) be filed with the Clerk of the Court, United States Bankruptcy Court for the District of South Carolina, J. Bratton Davis United States Bankruptcy Courthouse, 1100 Laurel Street, Columbia, SC 29201, and served on McNair Law Firm, P.A., 1221 Main Street, Suite 1800, Columbia, South Carolina 29201, P.O. Box 11390, Columbia,

South Carolina 29211 (Attn: Michael M. Beal, Esq.), so as to be **actually received no later than fourteen (14) days from the service of this Notice** (the "Assignment and Cure Objection Deadline").

Any request for adequate assurance information regarding the Successful Bidder (a "Request for Adequate Assurance") must include an email address, postal address and/or facsimile number to which a response to such request will be sent. Upon receiving a Request for Adequate Assurance, the Debtors shall promptly provide such party with any non-confidential information reasonably related to adequate assurance by email, facsimile or overnight delivery.

If no objection to the proposed assumption and assignment of any additional Contract or Lease is timely received by the Assignment and Cure Objection Deadline, then the assumption and assignment shall be deemed authorized and the respective Cure Amount set forth on Exhibit Y-1 shall be binding upon the counterparty to the affected Contract or Lease for all purposes and will constitute a final determination of total Cure Amount required to be paid by the Debtors in connection with such assumption and assignment to the Successful Bidder.

If no objection to the proposed post-closing assumption and assignment or rejection of the Contracts is received by the Assignment and Cure Objection deadline, then the post-closing assumption or rejection and post-closing performance by the Buyer under the additional Contacts and Leases shall be deemed authorized as set forth in the Sale Order.

Any entity that does not timely object as set forth above shall be (i) forever barred from objecting to the assumption and assignment of any of the Contracts and Leases identified on Exhibit Y-1, including, without limitation, asserting any additional cure payments or requesting additional adequate assurance of future performance, (ii) deemed to have consented to the applicable Cure Amount, if any, and to the assumption and assignment of the applicable Contract or Lease, (iii) bound to such corresponding Cure Amount, if any, (iv) deemed to have agreed that the Successful Bidder has provided adequate assurance of future performance within the meaning of section 365(b)(1)(C) of the Bankruptcy Code, (v) deemed to have agreed that all defaults under the applicable Contract or Lease arising or continuing prior to the effective date of the assignment have been cured as a result or precondition of the assignment, such that the Successful Bidder or the Debtors shall have no liability or obligation with respect to any default occurring or continuing prior to the assignment, and from and after the date of the assignment the applicable Contract or Lease shall remain in full force and effect for the benefit of the Successful Bidder and such entity in accordance with its terms, (vi) deemed to have waived any right to terminate the applicable Contract or Lease or designate an early termination date under the applicable Contract or Lease as a result of any default that occurred and/or was continuing prior to the assignment date, (vii) as to those additional Contracts set forth on Exhibit Z-1, deemed to have consented to the post-closing assignment and Buyer performance and deemed to have consented to the Successful Bidder's performance under the Contract until the Contract is assumed and assigned (or rejected), and (viii) deemed to have agreed that the terms of the Sale Order shall apply to the assumption and assignment of the applicable Contract or Lease.

If no objection to the proposed assumption and assignment of a Contract or Lease or the extension of the deadline to assume and assign (or reject) certain leases, is received by the Assignment and Cure Objection Deadline, counsel for the Debtors may submit to the Court a certificate of no objection and a form of order (a "Certificate of No Objection") granting the

4

Debtors the authority, but not the obligation, for the assumption and assignment, and serve such Certificate of No Objection on the counterparty to such Contract or Lease.

If an objection to the proposed assumption and assignment of a Contract or Lease is timely received and such objection cannot otherwise be resolved by the parties, the Court may hear such objection at a hearing to be determined by the Court. The pendency of a dispute relating to the Cure Amount will not prevent or delay the assumption and assignment of any Contract or Lease. If an objection is filed only with respect to the cure amount listed on Exhibit Y-1, the Debtors may file a Certificate of No Objection as to assumption and assignment only and the dispute with respect to the cure amount will be resolved consensually, if possible, or, if the parties are unable to resolve their dispute, before the Court at a hearing to be scheduled after July 21, 2011. The Debtors intend to cooperate with the counterparties to the Contracts and Leases to be assumed and assigned by the Debtors to attempt to reconcile any difference in a particular Cure Amount.

Although authorized to assume and assign Leases and Contracts, assumption and assignment shall not occur until the Debtors file the list of assumed and assigned Leases and Contracts.

Any anti-assignment provisions included in, or otherwise purporting to affect, any Contracts and Leases to be assumed and assigned by the Debtors are unenforceable under section 365(f) of the Bankruptcy Code.

**STAY OF ORDER:** The Debtors request that the Bankruptcy Court order and direct that any order or orders approving the Sale Motion shall not be automatically stayed for fourteen (14) days.

The Debtors are informed and believe that it would be in the best interest of the estate to sell the assets pursuant to the terms of the Stalking Horse Agreement or the Form APA, subject to higher and better bids and the Auction proposed herein. The Debtors also believe that the funds to be recovered for the estate from the sale of said property justify its sale and the filing of this application.

WHEREFORE, the Debtors request the Court issue an order authorizing the sale of said property and such other and further relief as may be proper.

| | |
|---|---|
| Dated: Columbia, South Carolina<br>July 11, 2011 | /s/ Michael M. Beal<br>Michael M. Beal (S.C. Dist. Ct. ID# 1253)<br>Robin C. Stanton (S.C. Dist. Ct. ID# 7438)<br>Michael H. Weaver (S.C. Dist. Ct. ID# 9847)<br>McNAIR LAW FIRM, P.A.<br>1221 Main Street, 18th Floor<br>Post Office Box 11390<br>Columbia, South Carolina 29211<br>Tel: (803) 799-9800<br>Fax: (803) 753-3277<br>mbeal@mcnair.net<br>rstanton@mcnair.net<br>mweaver@mcnair.net<br>*Counsel to the Debtors and Debtors-in-Possession* |

# EXHIBIT A

## Amended Schedule 1.1(a)

COLUMBIA 1046318v2

Contracts

| Name of other parties to lease or contract | Address 1 | Address 2 | Address 3 | City | State | Zip | Country | Description of contract or lease and nature of debtor's interest. State whether lease is of nonresidential real property. State contract number of any government contract. | Br |
|---|---|---|---|---|---|---|---|---|---|
| Activant (value added reseller) | P.O. BOX 671069 | | | Dallas | TX | 75267 | USA | Eclipse server maint contract | 2 |
| Activant (value added reseller) | P.O. BOX 671069 | | | Dallas | TX | 75267 | USA | IBM Software Maintenance | 2 |
| ADP, Inc | Carolina Region | P.O. Box 9001006 | | Louisville | KY | 40290-1006 | USA | Avert (Screening & Selction Service | 13 |
| ADP, Inc | Carolina Region | P.O. Box 9001006 | | Louisville | KY | 40290-1006 | USA | Expense Expert Plus (Concur Expense Reporting) | 13 |
| ADP, Inc | Carolina Region | P.O. Box 9001006 | | Louisville | KY | 40290-1006 | USA | Payroll Processing Services | |
| Blue Cross Blue Shield of SC | P.O. Box 6000 | | | Columbia | SC | 29260-6000 | USA | Health Insurance | |
| Bright House Networks | 5000 Campuswood Dr | | | E Syracuse | NY | 13057 | USA | Phone / internet service | |
| Bright House Networks | | PO Box 30765 | | Tampa | FL | 33630 | USA | Phone / internet service | |
| Broadview Networks | 800 Westchester Ave | | | Rye Brook | NY | 10573 | USA | Phone / internet service | |
| Broadview Networks | | PO Box 9242 | | Uniondale | NY | 11555-9242 | USA | Phone / internet service | |
| CCA Global Partners, Inc. | 4301 Earth City Expressway | | | Earth City | MO | 63045 | USA | customer agreement | |
| Charter Communications | 12405 Powerscourt Dr | | | St Louis | MO | 63131 | USA | Phone / internet service | 100 |
| Charter Communications | | PO Box 9001920 | | Louisville | KY | 40290 | USA | Phone / internet service | 100 |
| Cincinnati Bell | 221 East Fourth St | | | Cincinnati | OH | 45202 | USA | Phone / internet service | 8 |
| Cincinnati Bell | | PO Box 748001 | | Cincinnati | OH | 45274-8001 | USA | Phone / internet service | 8 |
| Dell | PO BOX 534118 | | | Atlanta | GA | 30353 | USA | DNS server maint contract | |
| Dell (value added reseller) | PO BOX 534118 | | | Atlanta | GA | 30353 | USA | virus protection | |
| Duckwall - Alco | 401 Cottage Avenue | | | Abilene | KS | 67410 | USA | customer agreement | |
| Euler Hermes ACI | 800 Red Brook Blvd. | | | Owings Mills | MD | 21117 | USA | Credit Insurance agreement | |
| GE Capital | P.O.Box 642333 | | | Pittsburgh | PA | 15264-2333 | USA | Copier | 14 |
| Home Depot | | | | | | | | customer agreement | |
| ICI Paints (Puerto Rico), Inc. | 65th Infantry Ave. | Km 13.4 | | Carolina | PR | 00985 | | Consignment Inventory | |
| IOS Capital | PO Box 740540 | | | Atlanta | GA | 30374-0540 | | Copiers | 1 |
| ipSwitch | PO BOX 372 | | | New York | NY | 10008 | | e-mail | |
| Level 3 Communications | 1025 Eldorado Blvd | | | Broomfield | CO | 80021 | USA | Phone / internet service | 100 |
| Level 3 Communications | | PO Box 931843 | | Atlanta | GA | 31193-1843 | USA | Phone / internet service | 100 |
| Level 3 Communications | 1025 Eldorado Blvd | | | Broomfield | CO | 80021 | USA | Phone / internet service | 1 |
| Level 3 Communications | | PO Box 931843 | | Atlanta | GA | 31193-1843 | USA | Phone / internet service | 1 |
| LG Sourcing, Inc. | PO Box 1535 | | | North Wilkesboro | NC | 28656 | USA | Customer Agreement | |
| Meritain Health | 300 Corporate Parkway | | | Amherst | NY | 14226 | USA | 3rd Party Administration of Dental Plan & FSA Plan | |
| Metropolitan Telecommunications | 55 Waters St 5th Floor | | | New York | NY | 10041 | USA | Phone Five Star local numbers that are pointed to local numbers at Admin offi. | 100 |
| Metropolitan Telecommunications | | PO Box 1055 | | New York | NY | 10268-1056 | USA | Phone Five Star local numbers that are pointed to local numbers at Admin offi. | 100 |
| Network Billing Systems Voice | 155 Willowbrook Blvd | | | Wayne | NJ | 07470 | USA | Phone / internet service | 100 |
| Network Billing Systems Voice | | PO Box 436 | | Wayne | NJ | 07474-4360 | USA | Phone / internet service | 100 |
| NNJ Teamsters Benefit Plans | 810 Belmont Avenue | | | North Haledon | NJ | 07508 | USA | Welfare Benefits for Union Employees | |
| Optimum Lightpath, div of Cablevision Systel | 200 Jericho Quadrangle | | | Jericho | NY | 11753 | USA | Phone / internet service | 14 |
| Optimum Lightpath, div of Cablevision Systems Corporation | | PO Box 360111 | | Pittsburgh | PA | 15251-6111 | USA | Phone / internet service | 14 |
| PPG | | | | | | | | customer agreement | |
| Regions Bank | 250 Riverchase Pkwy, E | RCS-3 | | Birmingham | AL | 35244 | USA | Interest Swap Agreement | |
| Regions Bank | 250 Riverchase Pkwy, E | RCS-3 | | Birmingham | AL | 35244 | USA | Interest Swap Agreement | |
| Regions Bank | 250 Riverchase Pkwy, E | RCS-3 | | Birmingham | AL | 35244 | USA | Interest Swap Agreement | |
| Sherwin Williams Paint Stores Group | 1040 Guildhall Cleveland, OH 4411 | 101 W. Prospect Avenue | | Cleveland | OH | 44115 | USA | customer agreement | |
| Teamsters Local No. 11, affiliated with Interm. | 810 Belmont Avenue | | | North Haledon | NJ | 07508 | USA | Union contract | |
| Tractor Supply Co. | 200 Powell Place | | | Brentwood | TN | 37027 | USA | customer agreement | |
| Verizon | 140 West St | | | New York | NY | 10007 | USA | Phone / internet service | 2&7 |
| Verizon | | PO Box 920041 | | Dallas | TX | 75392-0001 | USA | Phone / internet service | 2&7 |
| Verizon | 140 West St | | | New York | NY | 10007 | USA | Phone / internet service | 14 |
| Verizon | | PO Box 920041 | | Dallas | TX | 75392-0001 | USA | Phone / internet service | 14 |
| West Coast Copiers | 11533 US 19 N | | | N. Clearwater | FL | 33764 | USA | Phone / internet service | 2 |
| Merrill Lynch | 4802 Deer Lake Drive East | Building 2 Floor 3 | | Jacksonville | FL | 32246 | USA | 3rd Party Administration of 401(k) Plan | |
| Lincoln Financial Group | P.O. Box 0821 | | | Carol Stream | IL | 60132-0821 | USA | Disability and Life Insurance | |
| Pentegra Trust Company | 108 Corporate Park Drive | | | White Plains | NY | 10604 | USA | Five Star 401k Plan | |
| CIT Technology Financial Services, Inc | 21146 Network Place | | | Chicago | IL | 60673 | USA | Copier Lease | 2 |
| Greenleaf Compaction, Inc | PO Box 29661-2008 | | | Phoenix | AZ | 85038-2008 | USA | Self contained compactor rental | 2 |
| Marlin Leasing Corp | PO Box 13604 | | | Philadelphia | PA | 19101-3604 | USA | Sweeper rental | 14 |

1 of 1

# EXHIBIT Y-1

## Additional Contract Assumptions and Cure Amounts

COLUMBIA 1046318v2

| Name | Address 1 | Address 2 | Address 3 | City | State | Zip | Country | Description of contract or lease and nature of debtor's interest | Br | Cure Amounts |
|---|---|---|---|---|---|---|---|---|---|---|
| CIT Technology Financial Services, Inc | 21146 Network Place | | | Chicago | IL | 60673 | USA | Copier Lease | 2 | 518.32 |
| Greenleaf Compaction, Inc | PO Box 29661-2008 | | | Phoenix | AZ | 85038-2008 | USA | Self contained compactor rental | 2 | 0.00 |
| Marlin Leasing Corp | PO Box 13604 | | | Philadelphia | PA | 19101-3604 | USA | Sweeper rental | 14 | 1,632.47 |
| Pentegra Trust Company | 108 Corporate Park Drive | | | White Plains | NY | 10604 | USA | Five Star 401k Plan | | 125.00 |

# EXHIBIT Z-1

## Additional Post-Closing Assigned Agreements

| Name | Address 1 | Address 2 | City | State | Zip | Description of contract or lease and nature of debtor's interest |
|---|---|---|---|---|---|---|
| First National Capital Corporation | 26050 Towne Centre Drive | | Foothill Ranch | CA | 92610 | Racking, shelving, moving equipment |
| Transervice Logistics, inc. | P&H Transport | 5 Dakota Drive | Lake Success | NY | 11042-1188 | Shipping contract |