UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

Case Number: 11 – 03216-hb

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT, (II) DETERMINING DATES, PROCEDURES, AND FORMS APPLICABLE TO THE SOLICITATION PROCESS, (III) ESTABLISHING VOTING TABULATION PROCEDURES, (IV) ESTABLISHING AN OBJECTION DEADLINE AND SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF THE JOINT AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND (V) EXTENDING THE EXCLUSIVE PERIOD IN WHICH TO FILE AND SOLICIT VOTES ON THE PLAN**

The foregoing motion having been considered, the Court being duly advised in the premises, and good cause appearing therefor; the relief set forth on the following pages, for a total of 15 pages including this page,

IS HEREBY ORDERED.

**FILED BY THE COURT**
**11/02/2011**



Entered: 11/02/2011

US Bankruptcy Judge
District of South Carolina

CHARLESTON 329228v6

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 11-03216-hb |
| TMG Liquidation Company, *et al.,* | ) | (Joint Administration) |
| | ) | |
| Debtors.[1] | ) | |
| _____ | ) | |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT, (II) DETERMINING DATES, PROCEDURES, AND FORMS APPLICABLE TO THE SOLICITATION PROCESS, (III) ESTABLISHING VOTING TABULATION PROCEDURES, (IV) ESTABLISHING AN OBJECTION DEADLINE AND SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF THE JOINT AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND (V) EXTENDING THE EXCLUSIVE PERIOD IN WHICH TO FILE AND SOLICIT VOTES ON THE PLAN**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee") for the entry of an order, under 11 U.S.C. §§ 105(a), 1121, 1125(b) and 1126(b)[3] and Rules 2002, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) approving the *Disclosure Statement Accompanying Joint Amended Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors* (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement"), (ii) approving the dates, procedures, and forms applicable to the solicitation, noticing, and implementation process in connection with the *Joint Amended Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured*

---

[1] The Debtors and the last four digits of their respective tax identification numbers are: TMG Liquidation Company (4224); MTrans Liquidation Company (9048); MP Sundries Liquidation Company, LLC (8882); MSupply Liquidation Company, LLC (5878); MPFT Liquidation Company, LLC (8544); FSP Liquidation Company (9186); and FSG Liquidation Company (3506).

[2] Capitalized terms used and not defined in this Order shall have the same meaning ascribed to such terms in the Motion or the Plan, as applicable.

[3] Further references to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") may be by section number only.

CHARLESTON 329228v6

*Creditors* (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan"), (iii) approving certain voting tabulation procedures, (iv) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan (the "Confirmation Hearing"); and (v) extending the exclusive period in which to file a chapter 11 plan and solicit votes to accept or reject the plan (the "Exclusivity Period") pursuant to section 1121(d) through and including the date of the Confirmation Hearing (including any continued hearing on confirmation of the Plan); and it appearing that adequate and sufficient notice of the Motion and the hearing on the Disclosure Statement having been provided and no other or further notice need be provided, and all objections to the Motion and the Disclosure Statement having been resolved, overruled by the Court, withdrawn or rendered moot (including by any agreed changes to the Plan or Disclosure Statement); and following due deliberation, and just cause existing for the relief requested in the Motion:

**THE COURT HEREBY FINDS:**

A.   This Court has jurisdiction over the Motion under 28 U.S.C. § 1334. Venue of the Chapter 11 Cases and this proceeding are proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.   This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

C.   The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

D.   Notice of the hearing on the Disclosure Statement and the Motion were sufficient.

E.   The relief requested in the Motion is in the best interest of the Debtors, their estates and other parties in interest, and sufficient cause appearing thereof,

NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:

1.   The Motion is GRANTED.

3

2.       The Disclosure Statement is hereby APPROVED in all respects pursuant to the Bankruptcy Code, Bankruptcy Rules, and Local Rules, specifically including section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017(b).

3.       November 1, 2011 is established as the record date (the "Record Date") for the purposes of determining claimholders entitled to receive the Solicitation Package and to vote on the Plan. The assignee of a transferred and assigned claim (whether a timely-filed proof of claim or scheduled claim) shall be permitted to vote such claim only if the transfer and assignment have been properly noted on the Court's docket as of the close of business on the Record Date.

4.       The date by which the ballots cast to accept or reject the Plan must be received by the Balloting Agent is December 6, 2011 at 5:00 p.m. (Pacific Time) (the "Voting Deadline"). The Debtors and the Committee may jointly request, by oral motion to the Court at the Confirmation Hearing or otherwise, an extension of the Voting Deadline, including as to any changed votes on the Plan. Ballots not received by the Voting Deadline, or by any extended voting deadline as provided for in this Order, shall not be counted.

5.       The forms of ballots attached to the Motion as **Exhibit A** (and specifically, **Exhibit A-1** for holders of claims in Class 3 (Convenience Claims); **Exhibit A-2** for holders of claims in Class 4 (Senior Unsecured Claims); **Exhibit A-3** for holders of claims in Class 5 (Regions Deficiency Claim and Subordinated Claims); and **Exhibit A-4** for holders of interests in Class 6 (Interests)) and distribution thereof are approved; provided that the Debtors and the Committee shall be authorized to make additional correcting, conforming and formatting changes to such forms of ballots.

6.  As soon as practicable, but in any event within five (5) business days after the entry of this Order and by no later than November 11, 2011 (the "Solicitation Commencement Date"), the Balloting Agent shall commence the solicitation and noticing process for the Debtors and the Committee by placing the solicitation materials and notices approved pursuant to this Order in the mail, first class postage prepaid.

7.  The solicitation materials to be transmitted by the Balloting Agent on or before the Solicitation Commencement Date to each of the parties listed in paragraph 8 below consist of the following (collectively, the "Solicitation Package"): (a) the Confirmation Hearing Notice (which contains the objection deadline to confirmation of the Plan); (b) the Disclosure Statement, as approved by the Court; (c) the Plan (as Exhibit A to the Disclosure Statement); (d) the Disclosure Statement Order (as Exhibit B to the Disclosure Statement); (e) the letter of the Committee in support of the Plan; (f) an appropriate ballot with voting instructions; (g) a pre-addressed return envelope; and (h) a brief cover memo describing the contents of the Solicitation Package. The Debtors and Committee are authorized (but not directed) to send the Items (b), (c), and (d) above in electronic format on a CD-ROM with the cover memo (Item (h)) stating that a paper version of such documents will be provided upon request to the Balloting Agent.

8.  The Solicitation Packages shall be mailed to the following persons:

(a) holders, as of the Record Date, of claims in Class 3 (Convenience Claims), Class 4 (Senior Unsecured Claims), and Class 5 (Regions Deficiency Claim and Subordinated Claims) and holders of interests in Class 6 (Interests) which are entitled to vote on the Plan as set forth below and in the Motion;

(b) the Office of the United States Trustee; and

(c) the Securities and Exchange Commission.

5

9. Provided, however, voting creditors or interest holders who have or assert more than one claim or interest shall only be entitled to receive one Solicitation Package (but with any appropriate ballot(s), as applicable).

10. The following holders of claims in Class 3 (Convenience Claims), Class 4 (Senior Unsecured Claims), Class 5 (Regions Deficiency Claim and Subordinated Claims) and Class 6 (Interests) shall receive Solicitation Packages and be permitted to vote on the Plan in the amounts calculated as set forth below (the "Valid Ballot Amounts"):

    I. Regions Bank and the Subordinated Creditors (Stonehenge Opportunity Fund II, L.P., a Delaware limited partnership, E. Fort Wolfe, Jr., Caleb C. Fort, and Valspar Corporation) as the Holders of the Class 5 claims each shall receive from the Balloting Agent on account of their Class 5 claims a ballot with a pre-printed claim amount for voting such Class 5 claims to accept or reject the Plan (in accordance therewith and with the Subordination Agreements and the Regions Bank Settlement Agreement as applicable).[4] The pre-printed ballots shall contain the Valid Ballot Amount for each of the Class 5 claims, subject in any event to each voting holder's right to file a Rule 3018 Motion in accordance herewith if it disagrees with the amount of the claim listed on the ballot.

    II. For holders of claims in Classes 3 and 4 and interests in Class 6, the amount and classification of a claim or interest used to tabulate acceptance or rejection of the Plan shall be the amount and classification printed on the ballot for that particular holder unless said amount or classification is different from one of the amounts or classifications set forth below, in which case the amounts and classifications set forth below shall control (in order of priority noted below) and the ballot in question shall be deemed to be an acceptance or rejection of the Plan in the amount established as set forth below (the foregoing being for such claims or interests, as applicable, the "Valid Ballot Amount"):

    (a) Holders of Class 3 or 4 claims or Class 6 interests which have obtained Court orders may vote the amount of the claim or interest as allowed (or estimated and temporarily allowed for voting purposes) by an order of this Court.

    (b) Holders of Class 3 or Class 4 claims or Class 6 interests which have filed timely proofs of claim or interest may vote in the amounts asserted in such proofs of claim or interest; provided,

---

[4] Nothing herein shall prejudice any right that Regions Bank may have to vote the claims of the Subordinated Creditors under the Subordination Agreements, or the rights of any holder to file a Rule 3018 Motion with respect to the ballot(s) it receives from the Balloting Agent.

6

CHARLESTON 329228v6

        however, (i) with respect to proofs of claim or interest which have been reduced by order of the Court or are subject to an objection pending before the Court for reduction, voting shall be permitted only in the allowed reduced or proposed reduced amount and/or classification; (ii) no vote shall be counted for any proof of claim or interest which is the subject of a timely objection to the entirety of the claim or interest; and (iii) no vote shall be counted for any proof of claim or interest which has been disallowed by order of the Court.

    (c)    Holders of Class 3 or 4 claims or Class 6 interests which have not filed timely proofs of claim or interest but whose claims or interests (i) are scheduled in the Debtors' Schedules and (ii) are not listed in the Schedules as contingent or disputed or as unliquidated, zero or unknown in amount, may vote in the amounts set forth in the Schedules.  In addition, holders of Voting Unliquidated Claims (as defined below) may vote as described in paragraphs 13 and 14 below.

    11.    The Balloting Agent shall send out individualized ballots, based on the claim amount and classification above as of the Record Date.  In the event of a conflict between the amount or classification of a claim as between the printed ballot received and the amounts or classifications set forth in (a), (b), or (c) above, the amounts and classifications of (a), (b), and (c) above shall control (in that order of priority).  Notwithstanding any other provision hereof or of the Motion, to avoid confusion by creditors and unnecessary costs, the Balloting Agent shall not send "any ballot cast based on a claim that is duplicative, filed against multiple Debtors, an intercompany claim or otherwise eliminated by virtue of substantive consolidation for Plan purposes pursuant to the Plan" because such ballot which would be disallowed under the voting tabluation rule set forth below and in the Motion.

    12.    With respect to Class 3 and 4 claims, a holder's vote shall be classified and counted in the appropriate Class (Class 3 or Class 4), and its Valid Ballot Amount will be determined, <u>after giving effect</u> to any election to opt in or opt out of Class 3 or Class 4 as the holder or potential holder of a Convenience Claim.

7

13. The following holders of unliquidated claims or interests also shall receive a Solicitation Package and, subject to a timely Claims Objection (as defined below), shall be entitled to vote on the Plan as specified in this paragraph:

(a) A ballot cast by a holder who timely files a proof of claim or interest in an unliquidated or unknown amount, and whose claim or interest is not listed on the Debtors' Schedules, (i) will be counted for numerosity purposes under section 1126(c) of the Bankruptcy Code; (ii) will have any stated minimum liquidated amount set forth in its proof of claim included as part of the Valid Ballot Amount; and (iii) will have the unliquidated portion of its claim or interest valued at $1.00 in determining its Valid Ballot Amount.

(b) A ballot based on a claim or interest for which no proof of claim or interest has been filed, but which is a Scheduled claim or interest listed in the Debtors' Schedules as unliquidated in a minimum liquidated amount and not denominated as "disputed" or "contingent", (i) will be counted for numerosity purposes under section 1126(c); and (ii) will have the stated minimum liquidated amount counted as such holder's Valid Ballot Amount.

14. The foregoing unliquidated claims that are allowed to vote as set forth in (a) and (b) above (the "Voting Unliquidated Claims") shall be counted as set forth above without any requirement that the holders of such Voting Unliquidated Claims file a Rule 3018 Motion. Provided however, if any Claims Objection is filed as to a Voting Unliquidated Claim, such holder will be required to file a Rule 3018 Motion with respect thereto.

15. The following parties with the disputed claims or interests set forth below (collectively, "Disputed Claimants") shall not be permitted to vote on the Plan except if they obtain an order of the Court on a timely filed Rule 3018 Motion as further set forth in the Motion:

any claim or interest in Classes 3, 4, 5, or 6 (a) asserted in an untimely proof of claim; (b) asserted in a proof of claim as to which a timely objection as to the entirety of the claim is filed; (c) for which the holder did not file a proof of claim or proof of interest, which claim or interest was listed in the Debtors' Schedules as contingent, disputed, wholly unliquidated, zero or unknown, and which claim or interest does not qualify as a Voting Unliquidated Claim. The foregoing are referred to collectively as the "Disputed Claims".

8

16.  In lieu of a Solicitation Package, the Balloting Agent shall mail, first class postage prepaid, on or before the Solicitation Commencement Date, each of the Disputed Claimants a package that includes the following (collectively, the "Disputed Claimant Package"): (a) a notice in substantially the form attached as **Exhibit D** to the Motion (the "Notice of Disputed Claim Status"); (b) the Disclosure Statement; (c) the Plan (as Exhibit A to the Disclosure Statement); (d) the Disclosure Statement Order (as Exhibit B to the Disclosure Statement); (e) the Confirmation Hearing Notice; and (f) any other information determined by the Debtors and Committee if such information is Court approved for inclusion in the Solicitation Package. The materials in the Disputed Claimant Package may be mailed in any form approved for the Solicitation Package (i.e., CD-ROM format if approved for such materials as part of the Solicitation Package or if not in paper copy), provided that items (a) and (e) shall be provided in paper copy. Notwithstanding any other provision of hereof or of the Motion, if a party becomes a Disputed Claimant after the Record Date by virtue of a timely filed Claims Objection (as discussed below), the Balloting Agent and the Debtor shall be excused from sending a Disputed Claimant Package to such claimant but shall ensure that such claimant is sent the notice set forth in paragraph 18 below, and has been sent a Solicitation Package. The foregoing is deemed to satisfy any solicitation or noticing needs of the Disputed Holders.

17.  Parties-in-interest shall have until November 23, 2011, at 5:00 p.m. (Eastern Time) (the "Claims Objection Deadline") to file an objection to a claim or interest for purposes of voting on the Plan (a "Claims Objection"). Any other claims objections which have already been filed in the Chapter 11 Cases as of the date of the Motion shall constitute a timely "Claims Objection" for voting purposes.

CHARLESTON 329228v6

18. A Claims Objection filed after the Record Date (and prior to the Claims Objection Deadline above) shall include notice to the holder of a claim or interest otherwise allowed to vote that such claim or interest is the subject of a Claims Objection, and that such holder is a Disputed Claimant and must file a Rule 3018 Motion by the deadline discussed below to avoid having such claim or interest excluded from voting.

19. Disputed Claimants and any other holders of claims and interests which dispute their voting status, amount or classification shall have until December 6, 2011, at 5:00 p.m. (Eastern Time) to file a Rule 3018 Motion with the Court and serve it upon the Balloting Agent and counsel for the Debtors and Committee (the "Rule 3018 Motion Deadline").

20. Any party timely filing and serving a Rule 3018 Motion will be provided a ballot and be permitted to cast a provisional vote to accept or reject the Plan. If and to the extent that the Debtors, Committee and such party are unable to resolve the issues raised by the Rule 3018 Motion prior to the Voting Deadline, then at the Confirmation Hearing, the Court will determine whether the provisional ballot should be counted as a vote on the Plan.

21. Nothing in these procedures shall in any way affect any rights of the Debtors, the Committee, or the Plan Administrator to object to any proof of claim, whether a claim is characterized as disputed, contingent, unliquidated or otherwise for voting purposes. All rights of the Debtors, the Committee, and the Plan Administrator to object to any claims on any basis are reserved and preserved hereby.

22. The Balloting Agent shall mail, first class postage prepaid, on or before the Solicitation Commencement Date, to holders of Administrative Claims, Priority Tax Claims, Class 1 Secured Claims (if any) and Class 2 Non-Tax Priority Claims (collectively, the "Unimpaired Holders") a notice (the "Notice of Non-Voting Status") in substantially the form

10

attached to the Motion as **Exhibit E**. The Notice of Non-Voting Status satisfies the requirements of Bankruptcy Rule 3017(d) with respect to the Unimpaired Holders.

23. If solicitation mailings described above are returned by the United States Postal Service as undeliverable, the Debtors, Committee, and Balloting Agent are hereby excused from re-mailing such returned Solicitation Packages, Notices of Disputed Claim Status, Notices of Non-Voting Status, or other notices to those entities whose addresses differ from the addresses in the claims register or the Debtors' records, as applicable, as of the Record Date.

24. The Balloting Agent shall mail, first class postage prepaid, on or before the Solicitation Commencement Date, Solicitation Packages and all forms of ballots and notices proposed herein to the United States Trustee and the Securities and Exchange Commission for informational purposes. Other parties on the Service List or Creditor Matrix who are not voting holders in Classes 3, 4, 5, and 6 will be mailed a Confirmation Hearing Notice, including without limitation the Specific Notice Parties.

25. No Solicitation Packages or other notices need be transmitted to:

(a) holders of claims listed on the Debtors' Schedules which have already been paid in full during the Chapter 11 Cases or that are authorized to and will be paid in full in the ordinary course of business pursuant to orders previously entered by this Court; or

(b) any person to whom the Debtors mailed a notice of the commencement of the case and first meeting of creditors or a notice of the bar date for filing proofs of claim if either of such notices was returned marked "undeliverable" or "moved - no forwarding address" or for a similar reason, unless the Debtors have been informed in writing by such person of that person's new address.

26. Unless otherwise directed by the Court, the Balloting Agent shall follow the guidelines set forth below in tabulating the votes to accept or reject the Plan:

(a) Subject to paragraph (b) below, any ballot that is timely received, that contains sufficient information to permit the identification of the claimant and that is cast as an acceptance or rejection of the

11

Plan will be counted and will be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan. Votes based upon Class 6 Interests shall be tabulated as follows by the Balloting Agent to calculate the aggregate amount of interests voting on the Plan in accordance with section 1126(d): The interest holders of each Debtor shall be entitled to a total of 100 potential votes on the Plan, which shall be allocated based on each holder's respective percentage holdings of 100% of the outstanding shares, membership units, membership interests, or other issued and outstanding interests of the respective Debtor. Specifically, one vote shall be allocated to each 1% in outstanding interests of each Debtor (for a total of 100%, or 100 potential votes per Debtor).

(b)    the following ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (i) any ballot received after the Voting Deadline unless the Debtors and the Committee or the Court has granted an extension of the Voting Deadline with respect to such ballot; (ii) any ballot that is illegible or contains insufficient information to permit the identification of the claimant; (iii) any ballot cast by a person or entity that does not hold a claim in a Class that is entitled to vote to accept or reject the Plan including the Unimpaired Holders; (iv) any ballot cast based on a Disputed Claim and for which no required Rule 3018(a) Motion has been filed by the Rule 3018(a) Motion Deadline; (v) any ballot cast based on a claim that is duplicative, filed against multiple Debtors, an intercompany claim or otherwise eliminated by virtue of substantive consolidation for Plan purposes pursuant to the Plan; (vi) any ballot timely received that is cast in a manner that indicates neither an acceptance nor rejection of the Plan or that indicates both an acceptance and rejection of the Plan; (vii) any unsigned ballot; or (viii) any ballot that is electronically submitted, whether by facsimile or electronic mail.

(c)    Notwithstanding Bankruptcy Rule 3018(a), whenever two or more ballots that comply with these procedures are cast voting the same claim or interest prior to the Voting Deadline, the last dated ballot received prior to the Voting Deadline will be deemed to reflect the voter's intent and thus to supersede any prior ballots. The foregoing is without prejudice to the Debtors' and Committee's right to object to the validity of the ballots on any basis permitted by law, including under Bankruptcy Rule 3018(a), or to move orally at confirmation for Court approval to allow any holder of a claim or interest to change its vote.

12

(d)  Claim or interest splitting shall not be permitted. Holders of claims or interests who vote must vote all of their claims or interests within a particular Class to either accept or reject the Plan.

(e)  Any holder of a claim or interest which has delivered a valid ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Balloting Agent at any time prior to the Voting Deadline. A notice of withdrawal, to be valid, must (i) contain the description of the claim or interest to which it relates and the aggregate principal amount represented by such claim or amount of such interest, (ii) be signed by the withdrawing party in the same manner as the ballot being withdrawn, (iii) contain a certification that the withdrawing party owns the claim or interest and possesses the right to withdraw the vote sought to be withdrawn and (iv) be timely received by the Balloting Agent prior to the Voting Deadline including any extension thereof.

(f)  Ballots sent via facsimile or electronic mail transmission shall not be accepted by the Balloting Agent.

27. To the extent a class has no members, such class shall not be counted for voting purposes.

28. The Balloting Agent shall maintain the confidentiality of social security numbers or tax identification numbers provided on return ballots and shall redact any such numbers as required before making a copy of any ballot available to a third party.

29. The Balloting Agent shall calculate and file a voting report on the Plan (the "Report of Plan Voting") based on the rules, priorities and classifications set forth above and in the Motion. The Balloting Agent shall file the Report of Plan Voting with Court on or before December 9, 2011. An updated Report of Plan Voting will be presented by the Plan proponents if needed at the Confirmation Hearing. If any ballots are found to be invalid, such ballots will be noted in the Report of Plan Voting, and the Debtors and Committee will notify the voting party of the reason that its ballot is contested and its right to appear and be heard at the Confirmation Hearing.

CHARLESTON 329228v6

30. The Confirmation Hearing shall be held on December 16, 2011 at 9:30 a.m. before the Honorable Helen E. Burris, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of South Carolina, located at Donald Stuart Russell Federal Courthouse, 201 Magnolia Street, Spartanburg, South Carolina 29306. The Confirmation Hearing may be adjourned by the Bankruptcy Court orally at any scheduled hearing and from time to time without further notice, other than by announcement of such an adjournment in open court.

31. Objections to the Plan shall be filed and served on the following parties in a manner so as to be received on or before 5:00 p.m., prevailing Eastern time, on December 9, 2011 (the "Plan Objection Deadline"):

> (i) counsel to the Debtors, Michael M. Beal, McNair Law Firm, P.A., 1221 Main Street, 18th Floor (29201), Post Office Box 11390, Columbia, South Carolina 29211 (fax number 803-753-3277); (ii) counsel to the Committee, G. David Dean, Cole, Schotz, Meisel, Forman & Leonard, P.A., 300 East Lombard Street, Suite 2000, Baltimore, Maryland 21202 (fax number 410-528-9402) and G. William McCarthy, Jr., McCarthy Law Firm, LLC, PO Box 11332, Columbia, SC 29211-1332 (or 1517 Laurel Street 29201) (fax number 803-753-6930); and (iii) Office of the United States Trustee, Office of U.S. Trustee- Region 4, Attn: Linda K. Barr, Esquire, Strom Thurmond Federal Building, 1835 Assembly Street, Suite 953, Columbia, South Carolina 29201 (fax number 803-765-5260).

32. All Plan objections (including any accompanying briefs) must (a) be in writing; (b) be timely filed and served upon the proper parties at the addresses specified; (c) set forth the name and address of the party filing the objection and the amount of its claims or such other grounds that give the objector standing to assert the objection; and (d) state with particularity the grounds for each objection and any evidentiary support therefor.

33. Any objections to confirmation of the Plan not timely filed and served in compliance with the requirements above shall not be considered and shall be overruled unless otherwise ordered by the Court.

CHARLESTON 329228v6

34. The form of notice of the Confirmation Hearing, including the date thereof and the Plan Objection Deadline, which is attached as **Exhibit F** to the Motion, (the "Confirmation Hearing Notice") is approved. The Confirmation Hearing Notice shall be included in the Solicitation Packages, shall be served on the parties set forth in paragraph 24 above, and will be posted at the Balloting Agent's website (www.kccllc.net/MeritGroup).

35. Within five (5) business days following entry of the Disclosure Statement Order, a notice in substantially the form of **Exhibit G** attached to the Motion shall be published in the national edition of either *USA Today* or *The Wall Street Journal* and in *The Greenville News*.

36. Cause exists under section 1121(d) for extending the exclusive period in which to file a chapter 11 plan and solicit votes to accept or reject a plan (the "Exclusivity Period"), and the Exclusivity Period is hereby extended through and including the date of any hearing or continued hearing on confirmation of the Plan.

37. The Debtors are authorized to make nonsubstantive changes to the Disclosure Statement, the Plan, and related documents without further Order of the Court, including without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan and any other related materials prior to mailing to parties in interest.

38. The Court retains jurisdiction to implement, interpret, and effectuate the provisions of this Order.

**AND IT IS SO ORDERED**.

CHARLESTON 329228v6